```
 1
 2
 3
 4
 5
 6
 7
 8                IN THE UNITED STATES DISTRICT COURT
 9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
```

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; ABKCO MUSIC INC.; CAREERS-BMG MUSIC PUBLISHING, INC.; RIGHTSONG MUSIC, INC.; PEERMUSIC III, LTD.; SONY/ATV ACUFF ROSE MUSIC; CHRYSALIS STANDARDS, INC.; MIXED BAG MUSIC, INC.; SONGS OF UNIVERSAL, INC.; NORMAN GIMBEL, d/b/a New Thunder Music Co., | ) ) ) ) ) ) ) ) ) ) | 02:09-cv-00518-GEB-GGH<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| M.C. ALLEN PRODUCTIONS, INC., d/b/a Radio Station KCNR-AM; MICHAEL R. QUINN, | ) ) ) ) | |
| Defendants. | ) ) | |

The Order filed February 23, 2009, ("February 23 Order") scheduled a status conference in this case for June 1, 2009, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The February 23 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed.

Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on June 29, 2009, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on June 29, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. In accordance with the requirements set forth in the Order, a status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated: May 28, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).